## ROSENBACH *v.* DREYFUSS and another.

*(District Court, S. D. New York.  January 21, 1880.)*

PRACTICE—PLEADING—AMENDMENT AFTER DEMURRER.—Under section 542 of the New York Code, as applied by section 914 of the Revised Statutes to the practice and pleading in the circuit and district courts within the state of New York, a complaint is amendable by the party at any time within 20 days after a demurrer thereto.

AMENDMENT—AVERMENT OF STATUTE VIOLATED—SAME CAUSE OF ACTION.—The amendment of a complaint by a change in the averment of the statute violated, does not set out a new cause of action where both statutes were substantially identical, and the last mentioned was passed as a substitute for the one first pleaded.

*Chittenden & Fiero,* for plaintiff.

*Koones & Goldman,* for defendants.

CHOATE, J.  This is an action to recover penalties for inserting notice of copyright on articles not copyrighted.  The acts complained of are charged to have been done in the year 1878, and the complaint refers to the act of 1870, *c.* 230, § 98, as the statute violated.

On the seventh of July, 1879, the defendants filed and served a demurrer, alleging as grounds thereof—*First,* that the statute alleged to be violated was repealed by the Revised Statutes, § 5596; *second,* that, if liable under the statute, the defendants are liable only for one penalty of $100 for the entire edition of the work published, instead of the like penalty for each copy printed; *third,* that the complaint does not state facts sufficient to constitute a cause of action; *fourth,* that the supposed causes of action are not set forth

fully or at large, but in an abbreviated form, different from the usual and established precedent in all cases, and that the complaint is in other respects uncertain, informal, and insufficient.

On the twenty-sixth of August, after the demurrer had been noticed for argument, the plaintiff served a paper entitled an "amended complaint," in form like the original complaint, except that the statute alleged to have been violated was Revised Statutes, § 5596, instead of Statutes 1870, *c.* 230, § 98. This paper was immediately returned by the defendants' attorneys to the plaintiff's attorneys, with a written notice that they refused to receive it "on the ground that the attempted service thereof, as a matter of course, is unauthorized by the law and practice of this court, and on the ground that, as we have served and filed a demurrer to plaintiff's declaration herein, you cannot cure the defects in such declaration demurred to except by leave of court, after argument and payment of costs on the demurrer."

The defendants now move to strike from the files, as a nullity, the paper called an amended complaint, and for general relief.

The New York Code of Procedure provides, (section 542,) that "within 20 days after a pleading, or the answer or demurrer thereto, is served, or at any time before the period for answering it expires, the pleading may be once amended by the party, of course, without costs and without prejudice to the proceedings already had."

No point has been made that the 20 days after service of the demurrer had expired before the amended complaint was served. The written notice, returning it, put the refusal to receive it on other grounds. This was, perhaps, a waiver of the delay in serving the amended complaint. But, whether this is so or not, the parties upon the argument of this motion have put the case wholly upon other grounds, and submitted the question as one not of compliance, or failure to comply, with section 542 of the Code, but have rested the case on the question whether that section applies to actions at law

in the federal courts. This is, I think, a waiver of the delay in service.

Two objections, then, are urged against the regularity of the plaintiff's practice: (1) that section 542 of the Code is not applicable to this court; and (2) that the amended complaint states an entirely new cause of action, and on that ground is not, within the terms of section 542 of the Code, such an amendment as can be made in this way without leave of the court. 1 Stat. 1872, *c.* 255, § 5, as re-enacted in Rev. Stat. § 914, provides that "the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform as near as may be to the practice, pleadings, and forms and modes of proceeding existing at the time, in like causes, in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

I think it is very clear that the mode of amending the complaint, as of course, according to section 542 of the Code, comes within the terms of the statute. It is a matter of "practice, pleading, form and mode of proceeding," nor is there any difficulty in its application growing out of the peculiar organization or powers of the federal courts. Since that statute was passed the plaintiff's first pleading in this court has been a "complaint," framed according to the principles of the New York Code, instead of a declaration as at common law, and the defendant's pleading has been, not a "plea," but an answer, framed according to the Code. For the same reason a demurrer, which is a pleading, should conform to the rules regulating demurrers contained in the state statute. Code, § 488. The demurrer in this case, except as to one of the alleged grounds, was not such a demurrer.

It is, however, objected by the defendant's counsel that Rev. St. § 954, still keeps in force the system of special demurrers which formerly obtained in this court, and that it is inconsistent with, and by necessary implication forbids, the application to the federal courts of the practice of amending the complaint without leave under section 542 of the Code.

Rev. St. § 954, is a re-enactment of the thirty-second section of the judiciary act of 1789, (c. 20, 1 St. 91.) It empowers generally any court of the United States to disregard mere defects of form in giving judgment except those which, in cases of demurrer, the party demurring specially sets down with his demurrer as the cause thereof, and authorizes the court to amend every such defect or want of form other than those which the party demurring so expresses, and any time to permit parties to amend any defect in process or pleadings upon such conditions as it shall in its discretion and by its rules prescribe.

The inserting of this section in the Revised Statutes is an indication of the understanding of congress that it has not been repealed by subsequent legislation, (Rev. St. §§ 5595, 5596;) nor is there any difficulty in giving effect to this section, as well as to section 914. When section 914 was first enacted, in 1872, it immediately changed the forms and modes of pleading, including demurrers in the federal courts within states whose local statutes had adopted a system of pleading unlike that to which section 32 of the act of 1789 evidently refers. And there can be no doubt that in New York the declaration, plea and special demurrer referred to in the thirty-second section of the judiciary act were superseded by the complaint, answer and demurrer under the New York Code. The inserting of this section in the Revised Statutes as section 954, was not designed to repeal the act of 1872, or modify it; and in construing the two sections together the time of their original enactments, respectively, will be considered, and have its due weight.

Now, the Revised Statutes having application to all parts of the United States, there was an obvious propriety in retaining the thirty-second section of the act of 1789, because there might be states in which the act of 1872 had effected no change in the system of pleading inconsistent with the system of special demurrers therein referred to, and as a statute of amendments it might well be retained as having common application throughout the United States, without impairing any other system of amending pleadings intro-

duced under the act of 1872, adopting the modes of pleading and practice in force in the states. Section 954, by being brought into the Revised Statutes, does not perpetuate nor re-establish the system of special demurrers in states whose statutes have established different and inconsistent rules of pleading. It clearly was not so intended, though the statute of which it was the re-enactment was not repealed by the act of 1872; it had become partly inapplicable to the courts in this state, and so remained since it has been brought forward into the Revised Statutes as an unrepealed law.

The practice under the Code of giving the party the right, as of course, to serve a new pleading after demurrer or answer, is a part of the State system of pleading. It is calculated to relieve the courts from hearing many unnecessary arguments on demurrer, and unnecessary motions, and tends to facilitate the disposition of causes, and is entirely applicable to the courts of the United States. An amended complaint was, therefore, properly served in this case. *Lewis* v. *Gould,* 13 Bl. C. C. 216; *Bills* v. *R. Co.* Id. 228; *Beardsley* v. *Littell,* 14 Id. 102.

2. The amended complaint sets forth the same causes of action as the original complaint. Rev. St. § 4963, referred to in the amended complaint, was a re-enactment, almost without change of language, and certainly without change of sense, of St. 1870, *c.* 230, § 98, referred to in the original complaint.

It is very true that the last named section was repealed by Rev. St. § 5596, but the later statute being in effect the same law, the error in the original complaint was no more than a mere mistake as to the date of the statute referred to. The case of *U. S.* v. *Claflin,* 7 Otto, 546, is referred to as an authority that a complaint charging a violation of one statute cannot be amended by changing the averment so that it shall relate to a later statute, because it introduces a new cause of action.

The case has no such point or application. In that case the later statute was held to be a criminal statute, and not one giving a civil remedy, and it was held that no civil action

would lie under the later statute, therefore an amendment would have been impossible if suggested. In the present case the pleader relies upon the same precise facts as in the original complaint. He merely changes the averment as to the statute violated, referring to a later act which was identical with, but passed as a substitute for, the one first referred to. The cause of action was precisely the same.

The motion is denied. The amended complaint is held to have been properly filed, and the defendants' time to answer or demur to it is extended until the expiration of 20 days from the service of this order.