## EDWARD A. SHEDD ET AL.

### v.

## THOMAS MORAN.

1.  PARENT AND CHILD—RIGHT OF FATHER TO MAINTAIN ACTION FOR DEATH OF CHILD.—The right of a father to maintain an action for the death of his child, does not exist at common law, but rests upon statutory provisions.

2.  STATUTE—LAW OF PLACE.—Where the death occurred in another State, the plaintiff's right of action, if any exists, must arise under the laws of that State, and the laws of this State can have no application, and can be resorted to only for the purpose of showing that the foreign statute is not repugnant to the public policy of this State, as declared by the legislature.

3.  CAUSE OF ACTION NOT LOCAL.—Actions of this character arising under the statute of another State, are transitory, and when the right of action has become fixed, it may be prosecuted in any court to whose jurisdiction the defendant can be subjected, provided the statute under which it arose is not inconsistent with the public policy of the State where it is sought to be enforced.

4.  FELLOW SERVANTS—A QUESTION OF FACT.—Whether the cons'ruction of a derrick by defendant's foreman, and the use of it by the deceased as an employe of defendants, placed them in the relation of fellow servants, was a question of fact for the jury, and it was error to instruct the jury as a matter of law, that they were not.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.    Opinion filed May 9, 1882.

This was an action on the case, brought by Thomas Moran against Edward A. Shedd and Charles B. Shedd, to recover damages for the death of plaintiff's minor son, John I. Moran, caused, as is alleged, by the negligence of the defendants.    It appears that said John I. Moran was killed at Sheffield, in the

Shedd v. Moran.

State of Indiana, on the 17th day of March, 1881. At that time the defendants were the proprietors of certain ice houses located at that place, and were engaged in cutting ice and storing the same in said ice houses. The deceased was in their employ, and while engaged with other of the defendants' servants in hoisting barrels of sawdust with a derrick, was precipitated from a platform on which he was at work, in consequence of the giving way and falling of the derrick, thereby receiving injuries of which he died in a short time.

Prior to the accident, scaffoldings had been erected along the side of one of the ice houses, and said derrick was constructed by splicing a piece of joist to the top one of the upright timbers of the scaffolding, and by spiking on another piece running horizontally from the building across the upright, and projecting about three feet beyond the edge of the platform. To this projecting arm the pulleys for hoisting were attached. The defendants themselves were not present and had no personal agency in the construction of the derrick. One Jacob Landgrabe was their foreman, having charge of the work, and the evidence shows that the derrick was constructed by him just before it was used, out of materials previously furnished by the defendants, the deceased standing by and assisting him in its construction.

The foreman testifies, that after spiking the parts of the derrick together, he started to go to his nail-keg, about ninety feet away, to get some nails to nail on an additional brace, and that as he went, he told the deceased to hold on and wait until he came back. Other witnesses testify that his words were, " All right, go ahead." As the foreman went for the nails, the other employes commenced hoisting barrels, the hoisting being done by horse-power, and just as the foreman was at the nail-keg, one barrel, the third or fourth raised, caught on some projecting part of the scaffolding, causing the derrick to fall. The plaintiff alleged, in his declaration, and made proof at the trial, of the following sections of the statutes of the State of Indiana:

Sec. 784. " When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter; if the

former might have maintained an action, had he lived, against the latter, for an injury for the same act or omission. The action must be commenced within two years. The damages can not exceed five thousand dollars, and must enure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Sec. 27. "A father, or in case of his death, or desertion of his family, or imprisonment, the mother, may maintain an action for the injury or death of a child, and a guardian for the injury or death of his ward, but when the action is brought by the guardian for an injury to his ward, the damages shall enure to the benefit of the ward."

At the trial, the court, at the instance of the plaintiff, gave to the jury the following instruction:

1. "The court instructs the jury, that if they believe from the evidence, that the deceased came to his death without fault or negligence on his part, by reason of the use in the defendants' business of a derrick, pully, staging or scaffolding defectively constructed in any one or more of its parts, and that such defect or defects existed to the knowledge of the defendants' foreman, or that by the exercise of ordinary care and skill in the premises, the foreman would have had the knowledge of such defect or defects, and that the deceased did not know of such defects, nor could, by reasonable and ordinary care on his part, have known of it, then the plaintiff is entitled to recover; and in judging of the degree of care and skill to be used by the foreman and the deceased in the premises, the jury are to consider the character of such work, and the degree of danger attending, if any, and the foreman and the deceased's means of knowledge of the same, in so far as they find these matters from the evidence."

The defendants also asked the court to give to the jury the following instruction:

3. "The jury are instructed that if they believe from the evidence in this cause, that the death of said John I. Moran was caused by the negligence of a fellow servant in the same line of employment, then the defendants are not liable for the death of said Moran, and the plantiff can not recover in this cause."

This instruction the court modified by adding thereto the following, and gave it to the jury so modified:

"Servants in the same line of employment, were those persons who were at the time of the accident engaged in doing some part of the work of which the deceased was engaged in doing some other part. If there was any negligence on the part of the foreman in putting up the derrick in use, or in the employment of the deceased in the use of it, which is a matter of fact to be determined by the jury from the evidence only, the foreman would not be, as to those matters, a fellow servant of the deceased in the same line of employment."

Under these instructions, the jury found the issues for the plaintiff, and assessed his damages at $3,750, for which sum and costs the plaintiff had judgment.

Mr. W. B. Gibbs and Messrs. Stiles & Lewis, for appellants; contending that the statute under which a recovery is sought, is penal in its nature and can not be enforced in another State, cited Rorer on Inter-State Law, 167; Richardson v. N. Y. C. R. R. Co. 98 Mass. 85; Woodard v. M. S. & N. I. R. R. Co. 10 Ohio St. 121; McCarthy v. R. R. Co. 18 Kan. 46; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 177; Anderson v. M. & St. P. R. R. Co. 37 Wis. 321; Halsey v. McLean, 12 Allen, 438; First Nat. Bank v. Price, 33 Md. 487; Pickering v. Fisk, 6 Vt. 102; Probate Court v. Hibbard, 44 Vt. 597.

The declaration should allege that the deceased exercised due care: Sullivan v. T. W. & W. R'y Co. 58 Ind. 26; Reist v. City of Goshen, 42 Ind. 339.

A mere foreman of the work is generally regarded as a fellow servant with those under his control: 1 Thompson on Negligence, 1028; Wood on Negligence, § 437; O'Connor v. Roberts, 120 Mass. 227; Summersell v. Fish, 117 Mass. 312; Johnson v. Boston, 118 Mass. 114; Hodgkins v. Eastern Railroad, 119 Mass. 419, Kelly v. Norcross, 121 Mass. 508; Harkins v. Standard Sugar Refining Co., 122 Mass. 400; C. & I. C. R'y Co. v. Arnold, 31 Ind. 174, Thayer v. R. R. Co. 22 Ind. 26; Gormley v. R. R. Co. 72 Ind. 31; Wilson v. Merry, L. R. 326; Wood's Master and Servant, § 452.

A master is not responsible to an employe for the negligent act of a competent foreman to whom there has been no delegation of power and control of business: 2 Thompson on Negligence, 1031; Albro v. Agawam Canal Co. 6 Cushing, 75; Marshall v. Schricker, 63 Mo. 308; Hamilton v. Iron Mountain Co. 4 Mo. App. 564; Daubert v. Pickel, 4 Mo. App. 590; Malone v. Hatheway, 64 N. Y. 5; Zeigler v. Day, 123 Mass. 152.

The fact that the servant is a minor does not change the rule; he is bound to the same rules of assent and waiver of risks as an adult: Wood's Master and Servant, 744; Gartland v. T. W. & W. R'y Co. 67 Ill. 498.

The question whether the foreman was a fellow servant with deceased, should have been left to the jury: Potter v. R. R. Co. 46 Iowa, 399; Mullan v. Phil. Steamship Co. 78 Pa. 525; Pennsylvania R. R. Co. v. Zebe, 33 Pa. St. 318.

The verdict was excessive; the plaintiff was only entitled to recover for the pecuniary injury he sustained, which should be measured by the value of the child's services during the remainder of his minority: Pennsylvania Co. v. Lilly, 73 Ind. 252; O. & M. R. R. Co. v. Tindall, 13 Ind. 366; 2 Thompson on Negligence, 1292; Eggleston on Damages, § 264; Pennsylvania R. R. Co. v. Zehe, 33 Pa. St. 318; Lehman v. City of Brooklyn, 29 Barb. 234; Pennsylvania R. R. Co. v. Kelly, 31 Pa. St. 372; Caldwell v. Brown, 53 Pa. St. 453; Telfer v. N. R. R. Co. 30 N. J. Law, 188.

Messrs. PRENDERGAST, CLIFFORD & ANTHONY, for appellee; that a cause of action given by the statute of a foreign State, is enforcible in this State, if consonant to the laws and policy of the latter, cited Dennick v. R. R. Co. 103 Otto, 11; Leonard v. S. Nav. Co. 84 N. Y.—; R. R. Co. v. Sprayberry, 8 Baxter, 343; Needham v. G. T. R'y Co. 38 Vt. 308; Whitford v. Panama R. R. Co. 3 Duer, 67; Selma R. R. Co. v. Lacy, 43 Ga. 461; Stalknecht v. Penn. R. R. Co. 53 How. Pr. 305; N. & C. R. R. Co. v. Eakin, 6 Caldw. 582; Holland v. Pack, Peck, 151; G. W. Co. v. Miller, 19 Mich. 313; W. & A. R. Co. v. Strong, 52 Ga. 461; Vandeventer's case, 27 Barb. 245.

Shedd v. Moran.

The foreman was not a fellow servant with the deceased: Ford v. Fitchbury R. R. Co. 110 Mass. 260; R. R. Co. v. Fort, 17 Wall. 553; R. R. Co. v. Bowler, 11 Alb. Law Jour. 119; Grizzle v. Frost, 3 Fost. & Fin. 622; Mann. v. O. Print Works, 11 R. I. 152; R. R. Co. v. Jones, 9 Hiesk. 27; C. & R. R. R. Co. v. Bayfield, 37 Mich. 205; Lalor v. C. B. & Q. R. R. Co. 52 Ill. 401; Brothers v. Carter, 52 Mo. 373; L. R. Co. v. Collins, 2 Duv. 114; Hough v. R. R. Co. 100 U. S. 213; Wharton on Negligence, § 232; 2 Thompson on Negligence, 1028; Wood on Master and Servant, 859; C. B. & Q. R. R. Co. v. McLallen, 84 Ill. 109; C. & N. W. R. R. Co. v. Moranda, 93 Ill. 309.

The damages are not excessive: Chicago v. Hessing, 83 Ill. 204; C. & N. R. R. Co. v. Shannon, 43 Ill. 437; C. & A. R. R. Co. v. Becker, 84 Ill. 483; Ill. Cent. R. R. Co. v. Simmons, 38 Ill. 244; L. P. Co. v. Connor, 9 Heisk. 20; Chicago v. Sholten, 75 Ill. 468.

BAILEY, J.   The right of a father to maintain an action for the death of his child, does not exist at common law, and as the plaintiff's son was killed in the State of Indiana, the plaintiff's right of action, if any exists, must arise under the laws of that State.   Our own statute can have no application, and can be resorted to only for the purpose of showing that the foreign statute under which the plaintiff's right of action is claimed, is not repugnant to the public policy of this State, as declared by the legislature.

The point is made by counsel for the defendants, and argued with great earnestness, that statutes giving a right of action for negligently causing the death of a person, are penal in their nature, and are only a part of the police regulations of the State which enacts them.   If these assumptions are true, it necessarily follows that actions founded on such statutes are local, and can be entertained only in the local tribunals.   Interstate comity does not extend to the enforcement of the penal and police regulations of other States, and, if the statutes in question are of that nature, it is clear that the present action can not be maintained.   We are cited to some decisions which

seem to support the view urged by counsel. The contrary doctrine, however, is held in the most recent adjudications of courts of the highest authority, and we therefore feel warranted in holding the law to be, that actions of this character are transitory, and that where the right of action has become fixed and the legal liability incurred, the defendant may be prosecuted in any court to whose jurisdiction he can be subjected, provided the statute is not inconsistent with the public policy of the State in which the liability is sought to be enforced. Among the more recent decisions in which this doctrine is held are Dennick v. Railroad Co. 103 U. S. 11, and Leonard v. Columbia Steam Nav. Co. 84 N. Y. 48. As the statutes of this State provide a similar remedy in case of the death of a person by the negligence of another, there is nothing in the right claimed in this case repugnant to our own public policy, and we accordingly see no reason why it may not be enforced in the courts of this State.

In the instructions to the jury, however, there are errors for which the judgment, in our opinion, should be reversed. In the plaintiff's first instruction and in the modification of the defendants' third instruction, the court held, as a matter of law, that constructing the derrick in question, and afterward using it, were not matters pertaining to the same line of employment, and that the defendants' foreman in doing the former and the deceased, the latter, were not fellow servants. Whether these two duties belonged to the same line of employment, so as to constitute the foreman and the deceased fellow servants, was a question of fact, and should have been submitted to the jury as such, under proper instructions.

The evidence shows that the foreman and the deceased were employed, with others, to hoist certain barrels of sawdust to the upper part of defendants' ice house. This hoisting was to be done by horse-power, by the use of a pulley and rope. In order to use these appliances a post was run up from the scaffolding, already erected about the building, and across this a plank was spiked so as to extend some distance beyond the edge of the platform, thus furnishing an arm from which to suspend a pulley. This structure, called by the witnesses a

Shedd v. Moran.

derrick, was erected by the foreman at the time, out of materials previously furnished by the defendants. The deceased and his fellow servants who were to assist in hoisting barrels of sawdust were present, and the evidence tends to show that the deceased assisted the foreman in its erection.

It is undoubtedly the duty of an employer, where he undertakes to supply his employes with machinery and other appliances to be used by them in the prosecution of his business, to exercise reasonable care and prudence in supplying such as will be safe and suitable for the purpose for which they are to be used. But whether that is the undertaking of the employer in any given case, is a question of fact to be determined from the circumstances. He may undertake to provide the machinery and appliances themselves, or only the materials out of which they are to be constructed, leaving their construction to the same employes who are to use them when constructed. Thus, for example, a person employing others to erect a building, might undertake, on his own part, to put up and supply all the scaffolding necessary to be used in the progress of the work, and in that case he doubtless would be liable for injuries to his employes resulting from defects in the scaffolding which reasonable care and prudence would have obviated. But if his undertaking is merely to supply the materials out of which the employes erecting the building may put up their own scaffolding, his duty would only extend to the use of reasonable care and prudence in the choice of materials and the selection of his servants. We had occasion to consider this question in Holton v. Daly, 4 Bradwell, 25, where an instruction identical in principle with those given in this case, was held to be erroneous. The reasoning adopted in the opinion in that case is equally applicable here.

It may also be observed that in the modification of the defendants' third instruction, there is an attempted definition of "fellow servants in the same line of employment" with the deceased, which in our opinion is inaccurate, and may have had a tendency to mislead the jury. They are there defined to be "those persons who were, *at the time of the accident*, en-

gaged in doing some part of the work of which the deceased was engaged in doing some other part." The particular work in which the deceased was engaged, and of which he was doing a part, at the time of the accident, was that of hoisting the barrels of sawdust to the upper part of the ice house. The foreman, who had already erected the appliance by means of which the work was being done, was not engaged in doing any part of that particular work, but was some little distance away, standing at his nail-keg. The jury may have understood the instruction as limiting them to the consideration of the mere work of hoisting the barrels, and to the persons who, at the instant of the accident, were doing parts of that work. This was tantamount to holding, as matter of law, that erecting the bearing on which to hang the pulley, and using the pulley in the defendants' business were not, and could not, belong to the same line of employment.

For the errors in the instructions, the judgment will be reversed, and the cause remanded.

Judgment reversed.