*Order for injunction set aside.*

---

ISAAC B. HANNA, ADMINISTRATOR,

v.

GRAND TRUNK RAILWAY COMPANY.

*Railroads—Negligence of—Personal Injuries—Statute of Canada—Actions, Local and Transitory.*

1.  Actions *ex delicto* for injuries to the person or to personal property, are by the common law, transitory in their nature, and the venue may be laid where the plaintiff or defendant resides at the time of instituting the action.   Actions relating to land are ordinarily local.

Hanna v. G. T. Ry. Co.

2.   Whether the wrongful or negligent act causing the injury is one which entitles the injured person to an action, will depend upon the law of the State or country in which the injury is received.

3.   Such injuries as might be redressed by action of the common law, will be redressed by action in this State without proof of what the law of the State where the injury occurred is, it being presumed that the common law exists in the foreign State or country, unless the contrary is shown.

4.   When the right to recover depends upon a statute of the foreign State or country, the action is not less transitory than when the right of action is given by the common law.

5.   The statute of the foreign State or country giving the right of action, need not be precisely and in all respects like the statute of the State in which the action is brought. It is sufficient if the policy of. the two statutes is similar, and if they are founded upon the same principle, and give substantially the same right of action for the redress of similar wrongs.

6.   It makes no difference that the nominal plaintiff may be one person in the State in which the action is given, and another person in the State in which the action is brought, provided the action, in whosever name it is to be maintained, is seeking a similar remedy.

7.   The fact that the statute of the foreign State does not require the amount recovered to be distributed as is required by the statute of this State, cuts no figure, where, without any change in the machinery of our courts, or in the procedure of our trials, the provisions of such foreign statute may be carried out.

8.   The fact that in such case the statute of this State limits a recovery to a certain sum, and the foreign statute leaves the amount to be fixed by the verdict of a jury, is not a difference that affects the right to prosecute the action.

9.   Our statute does not limit by such provision the right of recovery here, upon the action given by the Canadian statutes touching personal injury cases arising through the negligence of railroad companies.

10.   In an action brought by an administrator to recover damages for the killing of his intestate in Canada, through the alleged negligence of defendant, a railroad company, this court holds that the Canadian statute giving the right of action upon which recovery is sought is not penal; that such statute does not differ so materially from that of this State that to enforce it would be a violation of our own State policy, and that the instruction to find for the defendant was erroneous.

[Opinion filed June 25, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. STEPHEN R. MOORE, JOHN BARTON PAYNE and GILBERT E. PORTER, for appellant.

The real question involved arises on the right of recovery in this State under the provisions of the Canadian act, and this action depends on whether the action is local or transitory.

If the action is local it is conceded the suit can not be maintained, and if it is a transitory action then it can be maintained. I admit there is an ancient line of decisions which held the action could not be maintained in a foreign State, but it is evident these decisions were based upon a misconception as to the law and the nature of the action. Modern decisions uniformly hold the action to be transitory, and when the right of action has become fixed it may be presented in any court to whose jurisdiction the defendant can be subjected, providing the statute under which it arose is not inconsistent with the public policy of the State where it is sought to be enforced. Our statute gives the right of action to the personal representatives of a deceased person, where death was caused by the wrongful act, neglect or default of another. Hence it can not be said that the foreign statute which gives the same right of action is repugnant to the public policy of this State. The Canadian law is in exact harmony with our public policy as expressed by the legislative will. The Canadian statute is almost a copy of our law so far as giving the right of action. The only difference is as to the beneficiaries of the amount recovered. Chap. 70, R. S. Illinois. This is not a new doctrine in this court. In Shedd v. Moran, 10 Ill. App. 618, the question is directly presented. The death occurred in Indiana. The statute there provides, " When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury for the same act or omission." The action must be commenced within two years. The damages can not exceed $5,000 and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. The suit was brought in Cook County, by the father for death of son. Bailey, Justice, gives the opinion of the court. He reviews the decisions

Hanna v. G. T. Ry. Co.

which appellee's counsel will cite to this court, and holds they are not good law. The court says the action is transitory, and "as the statutes of this State provide a similar remedy in case of the death of a person by the negligence of another, there is nothing in the right claimed in this case repugnant to our own public policy, and we accordingly see no reason why it may not be enforced in the courts of this State."

In the case of Demrick v. Railroad Co., 103 U. S. R. 11, the injury occurred in New Jersey. Suit was brought in New York. The lower court held against the action. The Supreme Court reversed the Circuit. Miller, Justice, gave the opinion of the court. The court expressly holds the action "is transitory and not local" and can be maintained in any court to whose jurisdiction the defendant can be subjected. The cases holding the contrary doctrine are reviewed by this eminent jurist, and the court holds that the reasons which are given by these courts are not sound. The New Jersey statute appears on page 12, in the statement of facts, and the Canadian statute is nearly a transcript thereof.

The case of Leonard v. Columbia Steam Navigation Co., 84 N. Y., p. 48, is a leading case, and on all fours with the case at bar. The question whether the action is local or transitory is reviewed and the right to maintain the action is offered. The authorities holding the contrary doctrine are reviewed and the question involved is thoroughly discussed. It would answer no useful purpose to restate the authorities therein cited and offered.

In McLeod v. C. & P. R. Co., Vermont Supreme Court, Sept., 1886, At. Rep. 6, p. 648, 58 Vermont, 727, the distinction between local and transitory actions is well stated. Suit was brought to recover for personal injuries sustained by him in the province of Quebec, on defendant's road. Suit was brought in Vermont. The direct question was raised that the action was local and could not be maintained. The court shows conclusively the action is transitory and can be maintained, and cites many authorities in support thereof.

The case of Burns v. Grand Rapids & I. R. R. Co., Supreme

Court of Indiana, January, 1888, 15 N. W. Rep. 230, is a suit brought by the administrator of the intestate who was killed by the defendant road in Michigan and suit was brought in Indiana, and the question at bar arose in this case. The court reviews all the authorities which will be cited by appellee to this court, and says: "Such actions have always been regarded as transitory in character, and although the injury and the right of action may have accrued in a foreign State it is now settled by an overwhelming weight of authority that the jurisdiction of courts to entertain and enforce the right is not dependent upon whether the right is statutory or of common law origin, provided the enforcement of the right in no way infringes upon or contravenes the policy of the State in whose jurisdiction the remedy is sought." It will scarcely be contended that the enforcement of appellant's claim contravenes the policy of the State of Illinois.

It is possible appellee will refer this court to O'Reilley v. N. Y. & N. E. R. Co., Supreme Court of Rhode Island, Dec. 1889, 17 At. Rep. 906. This case does apparently sustain their view of the law. The action was brought in Rhode Island on an injury arising in Massachusetts. Under the declaration in the case it appeared the action was founded on a penal statute of Massachusetts. If this is true it is conceded the action will not lie in a foreign jurisdiction. Whether there are two statutes in Massachusetts of a similar nature or not I am not advised, but it appears to be the fact for this reason: The plaintiff got leave to amend his declaration (see report thereof in 17 Atlantic Reporter, 171). On the amended declaration the cause reached the Supreme Court for the third time and is found in the At. Rep. 19, p. 244. The Massachusetts statutes were set out in the declaration and appear in the opinion of the court. The court reviews the authorities bearing on the question and holds the action can be maintained. We think this case is very strong for the reason that the Massachusetts statute provides that when administration is taken there on a non-resident decedent, the estate found there is to be applied primarily to the payment of the Massachusetts creditors, and only the residue remaining after such

creditors are paid is either to be sent for administration to the State of the domicile or to be distributed there according to the laws of the State of the domicile. It was contended that the statutes of Massachusetts and of Rhode Island were so different in the mode of the distribution of the damages received that the action could not be sustained. The court says: "We do not think the statute can be regarded as intended to restrict or as restricting the right of the principal administrator to recover, whenever he can, the assets of his intestate, but only to establish a rule for the disposition of such of them as are recovered in Massachusetts by the administrator there appointed."

The following cases sustain our position: Knight v. Railway Co., 108 Pa. St. 250; Railroad Co. v. Swint, 73 Ga. 651; Railroad Co. v. Mix, 68 Ga. 572; Railroad Co. v. Doyle, 8 Am. & Eng. Ry. Cases, 171; Herrick v. Railway Co., 31 Minn. 11; Boyce v. Railway Co., 63 Iowa, 70; Railroad Co. v. Sprayberry, 8 Baxt. 341; Railroad Co. v. Lacy, 43 Ga. 461; Burns v. Grand Rapids Railroad Co., 113 Ind. 169; Railroad v. Lewis, 24 Neb. 848; Debevoise v. Railroad Co., 98 N. Y. 379; Morris v. Railroad Co., 65 Iowa, 727; Railroad Co. v. Doyle, 60 Miss. 977.

It is not unlikely that appellee's counsel may cite the Taylor case in the 78 Ky. in support of their position. Lest counsel should be misled thereby and still claim it to be the rule in that State, I beg leave to call the attention of the court to the 83 Ky., p. 174, where the 78 Ky. is overruled. The court says: "But it is proper to say, that in our opinion, whenever the statute of another State gives a right of action for the destruction of one person by the negligence of another, such action may be maintained here, unless the court is satisfied it was not intended to operate beyond the limits of the State enacting it. Where the right is found the remedy must follow of course, and it can not, in this State, be lost for the want of a proper party to sue—either a relative party or some one in his stead, in every case having the right to maintain the action. In so far as the case of Taylor, Adm'r, 78 Ky., conflicts with the opinion in this case, it is overruled."

Messrs. HERRICK & ALLEN and OTTO KIRCHNER, for appellee.

The plaintiff, if he recovers at all, must recover under the Canadian statute.

Until very recently it was held everywhere that such a statute has no extra-territorial force, and that no action can be maintained upon it out of the jurisdictions that enacted it. Such was the ruling of the Supreme Court of this State as applied to cases against corporations.

In Illinois Central Railroad Co. v. Cragin, 71 Ill. 177, the intestate was killed while a passenger on appellant's railway in the State of Illinois. Cragin took out letters of administration upon his estate in Iowa, where he had no property, real or personal, unless, indeed, the right to maintain the action was such property. The Supreme Court ruled that the Iowa court had no jurisdiction to grant the letters of administration, because the right to sue the railway company (a corporation organized under the laws of Illinois) under the Illinois statute, was not properly in Iowa, and that no right of action existed outside of the State of Illinois.

In its opinion (p. 180) the Supreme Court said:

"The law creating such a right (to maintain an action for causing death), is purely local to the State in which the right is created, although it may be otherwise in cases of actions under the statute against individuals. But corporations being local to the State which created them, the right of action against them must be local to the same State." .

In Shedd v. Moran, 10 Ill. App. 624, this court announced the doctrine that actions of this sort are transitory, and that where the right of action has been fixed and the legal liability incurred, the defendant may be prosecuted in any court to whose jurisdiction he can be subjected, provided the statute is not inconsistent with the public policy of the State in which the liability is sought to be enforced.

But in that case the defendants were individuals, not, as in this case, a foreign corporation; and upon that ground Shedd v. Moran, and Illinois Central R. R. Co. v. Cragin, are clearly distinguishable

So far as I am advised, the doctrine announced by the Su-

preme Court in R. R. Co. v. Cragin, has never been questioned, and is, I submit, an authority binding upon this court, against the plaintiff's right to maintain this action, because it is brought both upon a foreign statute and against a foreign corporation.

This court does not, in its opinion in Shedd v. Moran, refer to the Cragin case, although it was cited by counsel for appellants. It is safe to assume, therefore, that it did not intend to overrule the doctrine of the Supreme Court as there announced, but had in mind the distinction between the two cases above pointed out.

This would seem to end the argument, because upon the doctrine of the Cragin case the plaintiff has no standing in court.

But waiving, for the sake of argument, the objection that defendant is a foreign corporation, we insist that upon the authority of Shedd v. Moran the action is not maintainable, for the reason, that the Canadian statute is inconsistent with the public policy of this State.

In Shedd v. Moran, and in each of the cases there cited and followed by this court (Dennick v. R. R. Co., 103 U. S. 11, and Leonard v. Nav. Co., 84 N. Y. 48), the foreign statute and the law of the forum were identical.

The Canadian statute and the Statute of Illinois differ radically.

The Illinois statute provides that the action shall be for the exclusive benefit of the widow and next of kin.

The Canadian statute provides that the action shall be for the exclusive benefit—

(1.)  Of the "parent," which the statute provides shall be held to embrace "father, mother, step-father and step-mother."

(2.)  Of the "child," which the statute provides shall be held to embrace "the son, daughter, grand-son, grand-daughter, step-son and step-daughter."

(3.)  Of the wife.

(4.)  Of the husband.

The Illinois statute provides for an action by the administrator or executor only.

The Canadian statute provides that the action may be brought by the beneficiaries themselves, or by any of them for all, whenever no executor or administrator has been appointed, or in case there be such executor or administrator, no action be brought within six months.

The Illinois statute allows a recovery of a gross sum, to be distributed to the widow and next of kin in proportions provided by law in relation to the distribution of personal property.

The Canadian statute provides for an award by the judges or the jury of "such damages as he or they think proportioned to the injury resulting from such death to the parties respectively for whom or for whose benefit such action has been brought, and the amounts so recovered, after deducting the costs not recovered from the defendant, shall be divided between the aforementioned parties in such shares as the judge or jury may find or direct." The Illinois statute limits the recovery to $5,000. The Canadian statute imposes no limit whatever.

These radical differences between the two statutes create an antagonism between the policy of the State of Illinois and the Canadian statute.

MORAN, P. J. The action was brought by appellant as administrator of the estate of H. S. Hall, deceased, to recover damages for the killing of Hall, in Canada, by the defendant railroad company. The right of recovery is based upon a statute of Canada. The declaration contains several counts, stating in different ways the carelessness and negligence of the railroad company which caused the death, and the statute of Canada, which gives the right of action, is set out in full, and it is averred that the said statute is in harmony with the law of Illinois in respect to the right of recovery for death caused by negligence. Plaintiff introduced evidence upon the trial below to prove the accident in which plaintiff's decedent was killed, and evidence showing who were the relatives surviving said Hall, deceased, who were entitled to the amount recovered by reason of his death, under the Canadian

Hanna v. G. T. Ry. Co.

law. Upon the close of the plaintiff's testimony the court instructed the jury to find the issues for the defendant. Judgment was rendered on the verdict thus directed, and from said judgment this appeal is prosecuted.

To sustain the action of the court below, it is contended that the courts of this State will not enforce the remedy for the death of plaintiff's decedent which is given by the Canadian statute. It is said that the law creating a right to maintain an action for causing death, is purely local, and that an action can not be maintained in a foreign State upon such law, particularly where the defendant is a corporation. First, is the action local or transitory? The distinction between local and transitory actions is well settled. Where the action relates to the possession or title of land, it will be generally deemed local; so also the action *quare clausum fregit*. Actions for obstructions of watercourses and sometimes the action of replevin, will be held to be local; also actions on penal statutes, chiefly for the reason that the courts of one State or country will not enforce the penal statutes of another; but actions *ex delicto*, for injuries to the person or to personal property, are, by the common law, transitory in their nature, and the venue may be laid where the plaintiff or defendant resides at the time of instituting the action. Whether the wrongful or negligent act causing the injury, is one which entitles the injured person to an action, will depend on the law of the State or country in which the injury is received. Such injuries as might be redressed by action of the common law will be redressed by action in this State without proof of what the law of the State where the injury occurred is, it being presumed that the common law exists in the foreign State or country unless the contrary is shown. When the right to recover depends upon a statute of the foreign State or country, the action is not less transitory than when the right of action is given by the common law. The only difference is, that the new right of action is created by a statute. There is nothing in the mere fact that the right of action is created by a statute instead of by a custom grown into law that affects the nature of the action as to whether it is local or transitory. Some

courts have held that actions of this nature prosecuted on stat-
utes in other States, would not be enforced because the statute
is penal in its nature. The clause of the Canadian statute
giving the right of action upon which recovery is here sought,
provides "where the death of a person has been caused by such
wrongful act, neglect or default as would, if death had not
ensued, have entitled the party injured to maintain an action
and recover damages in respect thereof, in such case the per-
son who would have been liable if death had not ensued, shall
be liable to an action for damages notwithstanding the death
of the person injured, and although the death has been caused
under such circumstances as amount in law to felony. Every
such action shall be for the benefit of the wife, husband, par-
ent and child   *   *   *   and shall be brought by and in the
name of the executor or administrator of the person deceased."
Such a statute is not penal. Its purpose is not the punishment
of the person whose negligence causes the injury or the death,
but the compensation of the relatives of the deceased named
in the statute for the loss or injury sustained by them by the
death.

The provision of the law is, that "in every such action the
judges or jury may give such damages as he or they think
proportioned to the injury resulting from such death to the
parties respectively for whom and for whose benefit such ac-
tion has been brought." This court is committed to the doc-
trine that actions similar to the one here prosecuted may be
maintained in this State. In the case of Shedd v. Moran, 10
Ill. App. 618, the action was brought here on an Indiana stat-
ute, giving to the father of a child injured or killed an action
for damages. It was there argued that statutes of foreign
States giving such right of action were to be regarded as
merely police regulations of the State which enacts them,
and that they could only be enforced in the local tribunals of
such State. The court said: "The contrary doctrine, how-
ever, is held in the most recent adjudications of courts of the
highest authority, and therefore we feel warranted in holding
the law to be, that actions of this character are transitory, and
that where the right of action has become fixed and the legal

Hanna v. G. T. Ry. Co.

liabilities incurred, the defendant may be prosecuted in any court to whose jurisdiction he can be subjected, provided the statute is not inconsistent with the public policy of the State in which the liability is sought to be enforced."

It is contended that the Canadian statute differs so materially from our statute, that to enforce it would be a violation of our own State policy. We can not agree that there is any material difference between the Canadian statute giving this right of action and our own statute which gives a right of action under similar circumstances. There is a fundamental agreement between the two statutes in all essentials that go to the creation of the cause of action. The section of our statute and the section of the Ontario statute creating the cause of action, are nearly identical in terms. Under our statute the recovery is to be for the exclusive benefit of the widow and next of kin of the deceased; under the Canadian, for the benefit of the wife, husband, parent and child. Under our statute the action is to be brought in the names of the personal representatives of the deceased; in the Canadian, it is to be brought in the name of the executor or administrator of the deceased. There is in these provisions substantial identity. But it is contended that the distribution of the amount recovered is to different persons, and to be differently made from the distribution under our statute, and therefore we can not enforce it.

It has been held repeatedly, that the statute of the foreign State or country giving the right of action, need not be precisely and in all respects like the statute of the State in which the action is brought. It is sufficient if the policy of the two statutes is similar, and if they are founded upon the same principle, and give substantially the same right of action for the redress of similar wrongs. It makes no difference that the nominal plaintiff may be one person in the State in which the action is given, and another person in the State in which the action is brought, provided the action, in whosoever name it is to be maintained, is seeking a similar remedy. The recovery in this action by the administrator is for the benefit of the persons named in the declaration as entitled to the damages.

Speaking of a similar action brought in New York to enforce a right given by the statute of New York, in answer to the objection that the New York administrator could not distribute except by the New York law, the Supreme Court of the United States said: "It would be a reproach to the laws of New York to say that when the money recovered in such an action as this came to the hands of the administrator her courts could not compel distribution as the law directs." Dennick v. Railroad Co., 103 U. S. 11.

By the Supreme Court of Minnesota, it is said, in Herrick v. The Minn. & St. L. Ry. Co., 31 Minn. 11: "It by no means follows that because the statute of one State differs from the law of another State, therefore it would be held contrary to the laws of the latter State. Every day our courts are enforcing rights under foreign contracts where the *lex loci contractus* and the *lex fori* are altogether different, and yet we construe these contracts and enforce rights under them according to their force and effect under the laws of the State where made. To justify a court to refuse to enforce a right of action which accrued under the law of another State, because against the policy of our laws, it must appear that it is against good morals or natural justice, or for some other such reason the enforcement of it would be prejudicial to the general interests of our own citizens. The statute of another State has, of course, no extra territorial force, but rights acquired under it will always in comity be enforced, if not against public policy. In such cases the law of the place where the right was acquired or the liability incurred, will govern as to the right of action, while all that pertains merely to the remedy, will be controlled by the law where the action is brought."

The Canadian statute does require that the amount recovered shall be divided among the parties in interest in such shares as the judge or jury may find and direct. This is a difference from the provision of our law, not in the right given, but in a detail of the remedy; but it is a detail that we can very easily carry out without any change in the machinery of our courts, or in the procedure of our trials. The

objection can be answered in various ways. In the first place, it is a question in which the appellee or defendant has no interest. All the persons who are entitled to damages are named in the declaration, and the suit is maintained for their benefit.

The Canadian statute provides that there is to be but one action in respect to the subject-matter for which recovery is sought. The recovery in this action is to aggregate what all the parties in interest shall be found entitled to; therefore a judgment in favor of the administrator would be a complete bar to any further recovery against the defendant company.

Its interests, then, are fully protected when this aggregate amount of damages is ascertained. How the damages are to be distributed among the respective beneficiaries, is a matter with which it can have no possible concern. But the distribution of the damages among the parties entitled can be readily made under our procedure by the verdict of the jury. The amount of damage each one is entitled to, can be found by the verdict and reported to the court. The ascertainment of the amount that each beneficiary is entitled to, is not a distribution, but is the fixing of the value of the damage to that particular individual's right. Under our statute authorizing special findings, the court may direct the jury to separate the damages and return a specific amount for each individual beneficiary; but if this course of practice should not be pursued, then the Probate Court or a court of equity could distribute the fund of which the administrator is but a trustee, in accordance with the particular trusts on which he holds it. The rights that he enforces in this action is not one that survives to the personal representative; it is a new right created by the statute, and is vested in the beneficiary, and in the administrator's name the interests of the real parties are asserted, and when he recovers he recovers on their rights and not his own, and holds the fund subject to distribution according to their respective interests.

The case of the Illinois Central Railroad Co. v. Cragin, 71 Ill. 177, is relied on by appellee as being contrary to the doctrine herein announced. We do not understand that case to

be adverse. There a foreign administrator was seeking to enforce an alleged right of action in this State against a domestic corporation. It was clear, from the record in the case, that the grant of letters of administration to him was void, and that was substantially the only question determined by the court.

The manifest trend of all the modern decisions is in favor of enforcing in one State the rights of action created by statutes of foreign States or countries. There are some cases contrary, but the reasoning on which the decisions are based does not commend itself to our judgment; some of them are overruled by the courts that made them, and others discredited by the criticisms of tribunals entitled to very great respect. Dennick v. Railroad Co., *supra;* Leonard v. The Columbia Steam Navigation Co., 84 N. Y. 48; Usher v. Railroad Co., 126 Penn. St. 207; Wooden v. Western N. Y. & T. R. Co., 26 N. E. Reporter, page 1050.

The objection that our statute limits the recovery of such action to the sum of $5,000, and the Canadian statute leaves the amount to be fixed by the verdict of the jury, is not a difference that affects the right to prosecute the action; nor does our statute limit, by this provision, the right of recovery here upon the action given by the Canadian statute. It is the right given by the foreign law to its full value and extent as created by said foreign law, that our courts, by comity, will enforce. Therefore the amount of the damages to be recovered in this action will be the amount which the jury find, from the evidence, to be compensation for the injury resulting from the death of the plaintiff's decedent to the parties for whom the action has been brought.

The court erred in instructing the jury to find for the defendant, and the judgment must be reversed and the case remanded to the Circuit Court for a new trial, in accordance with this opinion.

*Reversed and remanded.*