## Chicago & E. I. R. R. Co. v. R. A. Rouse, Adm'r.

1. FELLOW-SERVANTS—*Fireman and Engineer.*—The fireman of a passenger train and the engineer of a freight train in the employ of the same company are fellow-servants.

2. SAME—*The Doctrine Abolished in Indiana.*—In the State of Indi-

C. & E. I. R. R. Co. v. Rouse.

ana an employe of a railroad corporation may recover for injuries received while in service, caused by the negligence of a fellow-servant.

3.  ACTIONS—*For Death from Negligent Act, Transitory.*—Actions to recover damages resulting from death by negligence are transitory, and may be maintained in any court of competent jurisdiction into which the defendant may be brought by service of process.

4.  SAME—*In one State for a Wrong Committed in Another.*—An action may be maintained in one State for a wrong done in another which is actionable there, although a like wrong done in the State where the suit is brought is not actionable, provided the enforcement of it is not against public policy.

5.  PUBLIC POLICY—*Doctrine of Fellow-Servants Not Against.*—The common law fellow-servant rule does not have its foundation in public policy in the sense in which that term is used when our courts are called upon to enforce a right of action based upon the statute of another State.

6.  SAME—*The Term Defined.*—The term public policy, when used in regard to enforcing the statutes of other States, relates to good morals, natural justice and matters affecting the citizens of this State generally.

7.  COMITY—*As Applied to Actions Arising in Other States.*—Interstate comity does not extend to the enforcement of the penal and police regulations of other States.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

WILL H. LYFORD, H. M. STEELY and ALBERT M. CROSS, attorneys for appellant.

The statute creating a liability for damages for death by wrongful act, will not be enforced in another State which has no such statute, or which has a radically different statute on that subject. Richardson v. N. Y. C. R. R., 98 Mass. 85; Ash v. B. & O. R. R., 72 Md. 144; Texas P. Ry. v. Richards, 68 Tex. 375; S. & L. T. M. Ry. v. McCormick, 71 Tex. 660; Davis v. N. Y., etc., Ry., 143 Mass. 301; Woodard v. M. S. & N. I. R. R., 10 O. St. 121; McCarthy v. C., R. I. & P. Ry., 18 Kas. 46; Whitford v. Panama Ry., 23 N. Y. 465; Lower v. Segal, 59 N. J. Law, 66; Vawter, Adm'r, v. M. P. Ry., 84 Mo. 679.

TILTON & CUNDIFF, attorneys for appellee.

The statute abrogating the fellow-servant rule is constitutional. Missouri Pacific Ry. Co. v. Mackey, 127 U. S. 205; Minneapolis Ry. Co. v. Herrick, 127 U. S. 210; Minneapolis Ry. Co. v. Herrick, 31 Minn. 11; Minneapolis Ry. Co. v. Herrick, 32 Minn. 435.

Actions of this character are transitory and not local. They can be maintained in any court to whose jurisdiction the defendant can be subjected. Rorer on Interstate Law, page 217, cites numerous authorities: Herrick v. M. & St. L. Ry. Co., 31 Minn. 11; action brought in Minnesota for death occurring in Iowa. Northern Pacific Ry. Co. v. Babcock, 154 U. S. 190; action brought in Minnesota for death occurring in Montana. Higgins v. Central New England Ry. Co., 155 Mass. 176; action in Massachuetts for accident in Connecticut. Burns v. G. R. & I. Ry. Co., 113 Ind. 169; action brought in Indiana for death occurring in Michigan. Leonard v. Columbia Navigation Co., 84 N. Y. 48; action brought in New York, death occurring in Connecticut. McLeod v. C. & P. Ry. Co., 58 Vt. 727; action brought in Vermont for injury in the Province of Quebec. Hanna v. Grand Trunk Ry. Co., 41 Ill. App. 116; action brought in Illinois to recover under Canadian act. Shedd v. Moran, 10 Ill. App. 618; action was brought in Illinois for death occurring in Indiana.

A private action may be maintained in one State, if not contrary to its own policy, for a wrong done in another State, and actionable there, although a like wrong would not be actionable in the State where the suit is brought. Huntington v. Attrill, 146 U. S. 670; Dennick v. Railroad Co., 103 U. S. 11; Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593; Herrick v. Minneapolis Ry. Co., 31 Minn. 11, 16 N. W. Rep. 413.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was brought to recover damages for the negligent killing of one George W. Brewer, in a collision of two trains on appellant's railroad in the State of Indiana on the 16th of December, 1897. A trial in the Circuit Court resulted in a verdict and judgment in favor of appellee, administrator of Brewer's estate, for $5,000.

C. & E. I. R. R. Co. v. Rouse.

Brewer was in the employ of appellant as locomotive fireman on a passenger train on appellant's railroad between Danville, Ill., and Terre Haute, Ind. He resided with his family at Danville. He was killed by the colliding of his train, which was running south, with a freight train which was running north, near Lyford station, in Parke county, Ind. The collision occurred by reason of the failure of the engineer of the freight train to take the side track at a station four miles south of Lyford, as it was his duty to do. Both trains were being operated by appellant, and Brewer and the engineer of the freight train were fellow-servants. Had the collision occurred within the territorial limits of Illinois there would be no right to recover because of the doctrine of fellow-servant as it obtains in our State. That doctrine has been abolished by statute in Indiana, however, and in that State an employe of a railroad corporation may recover for injuries received while in service although caused by the negligence of a fellow-servant.

The statute of Indiana was pleaded, and the law of that State controlled the cause on the trial, as appears from the rulings of the court in passing upon the admission of evidence and the giving of instructions. It is not necessary to set forth in detail the facts attending the collision, which show that it was occasioned by the negligence of the engineer of the freight train. It is sufficient, in deciding the chief and only frictional question involved, to say that the collision was caused by the negligence of the engineer and that the evidence shows a clear right to recover under the laws of Indiana. That is practically conceded by counsel for appellant, but they contend that, having elected to sue in Illinois, appellee must have his rights determined by the laws of Illinois. The single question for our decision, therefore, is whether the statute of Indiana or the fellow-servant rule of Illinois is the law of the case.

Actions of this kind are transitory and may be maintained in any court of competent jurisdiction into which the defendant may be brought by service of process. While there is some conflict in the State courts of last resort upon

the question, in the Federal courts, and in a majority of the State courts where it has been considered, it is held that an action may be maintained in one State for a wrong done in another State which is actionable there, although a like wrong done in the State where the suit is brought would not be actionable, provided the enforcement of it would not be against public policy. Dennick v. Railroad Co., 103 U. S. 11; Texas & Pacific Railway Co. v. Cox, 145 U. S. 593; Huntington v. Attrill, 146 U. S. 657; Northern Pacific Railway Co. v. Babcock, 154 U. S. 190; Leonard v. The Columbia Navigation Co., 84 N. Y. 11; Higgins v. Central New England & Western Railroad, Co., 155 Mass. 176; Herrick v. Minneapolis Railway Co., 31 Minn. 11; Morris v. C., R. I. & P. Ry. Co., 65 Iowa, 727.

The argument of appellant is stated in logical formula as follows: 1. The courts of Illinois will not enforce the statute of another State which is contrary to our public policy. 2. The fellow-servant rule is part of our public policy. 3. Therefore the Indiana statute, which abrogates the fellow-servant rule, will not be enforced by the courts of Illinois. The first proposition is so firmly established that the citation of authority in support of it is unnecessary. The fallacy of the argument, as we view it, lies in the second proposition. We do not understand the common law fellow-servant rule to have its foundation in public policy in the sense in which that term is used when our courts are called upon to enforce a right of action based upon the statute of another State. The term public policy, when used in that sense, relates to good morals, natural justice and matters affecting the citizens of the State generally. To justify a court in refusing to enforce a right of action which accrued under the statute of another State, because against public policy, it must appear that the statute is against good morals or natural justice, or that its enforcement would be prejudicial to the general interest which the citizens of the State hold in common. Herrick v. Minneapolis & St. Louis Ry. Co., 31 Minn. 11; Northern Pacific Railroad Co. v. Babcock, 154 U. S. 190. Each of the cases cited was like the one at bar.

In the case of Hanna v. G. T. Ry. Co., 41 Ill. App. 116, the question was whether the right of action for the killing of Hanna's intestate in Canada, based upon the statute of Canada, could be enforced in Illinois. The question was there decided in the affirmative; and in the very learned opinion delivered by Presiding Judge Moran the following language appears: "Whether the wrongful or negligent act causing the injury is one that entitles the injured person to an action depends on the law of the State or country in which the injury is received." In the case of Shedd v. Moran, 10 Ill. App. 618, which was brought on an Indiana statute giving the father a right of action for damages for killing or injuring his minor child, Mr. Justice Bailey, delivering the opinion of the court, said: "The point is made for counsel for the defendants, and argued with great earnestness, that statutes giving a right of action for negligently causing the death of a person, are penal in their nature, and are only a part of the police regulations of the State which enacts them. If these assumptions are true it necessarily follows that actions founded on such statutes are local and can be entertained only in the local tribunals. Interstate comity does not extend to the enforcement of the penal and police regulations of other States, and if the statutes in question are of that nature it is clear that the present action can not be maintained. We are cited to some decisions which seem to support the views urged by counsel. The contrary doctrine, however, is held in the most recent adjudications of courts of the highest authority, and we feel warranted in holding the law to be that actions of this kind are transitory, and that where the right of action has become fixed and the legal liability incurred, the defendant may be prosecuted in any court to whose jurisdiction he can be subjected, provided the statute is not inconsistent with the public policy of the State in which the liability is sought to be enforced." These are the only two reported cases on the question in Illinois. They are in line with the other cases cited.

In answer to the contention that our courts should not by

comity and interstate politeness enforce an action based
on an Indiana statute, because the courts of that State are
inhibited by legislative enactment from applying the law
of another State against a railroad corporation operating a
line of road passing through Indiana and the other State in
a suit by a citizen of Indiana to recover for injuries received
on that portion of the road lying in the other State, it may
be replied that this is not a suit by a citizen of Indiana.
Appellant is an Illinois corporation; Brewer, at the time of
his employment and at the time of his death, was a citizen
of Illinois; his next of kin are citizens of Illinois, and
appellee was appointed administrator by an Illinois court.
Under Brewer's contract of employment he was compelled
to perform his duties partly in Illinois and partly in In-
diana.    While performing what was required of him in
Illinois he assumed the risks of the service under the laws
of Illinois, and while performing what was required of him
in Indiana he assumed the risks of the service under the
laws of Indiana.

The liability and right to recover were fixed by the laws
of Indiana and the judgment should be affirmed. Judg-
ment affirmed.