LEMAN v. BALTIMORE & O. R. CO.

(Circuit Court, N. D. Illinois, N. D. February 8, 1904.)

No. 26,784.

**1. FEDERAL COURTS—PLEADING—AMENDMENT—STATE PRACTICE.**

Rev. St. U. S. § 914 [U. S. Comp. St. 1901, p. 684], providing that the practice, pleadings, and forms in civil causes, other than equity and admiralty causes, in Circuit and District Courts, shall conform, as near as may be, to those existing in like causes in courts of record of the state within which such Circuit or District Court is held, includes the state practice with reference to amendment of pleadings, unless otherwise directed by statute.

**2. SAME—DEATH—TRANSITORY ACTION—JURISDICTION.**

Where plaintiff's intestate, a citizen of Illinois, was killed, by reason of defendant's alleged negligence, in the state of Pennsylvania, an action for his death was transitory, and was therefore properly brought in Illinois.

**3. SAME—FOREIGN STATUTES—PROCEEDS.**

Such action was properly based on the Pennsylvania statute providing that the right of action shall vest in the widow, etc., and the proceeds of the suit, when recovered, would be distributed by the courts of Illinois, or the federal court in which the recovery was had, according to the Pennsylvania statute.

**4. SAME—PARTIES PLAINTIFF—CHANGE—EFFECT.**

Where an action for wrongful death occurring in Pennsylvania was erroneously brought in the name of decedent's administrator, instead of by decedent's widow, as provided by the Pennsylvania statute authorizing such action, an amendment of the declaration, after a demurrer thereto on that ground had been sustained, substituting the name of decedent's widow for the name of the administrator wherever his name appeared in any material allegation therein, did not constitute the commencement of a new cause of action, or work a discontinuance of the original suit.

W. S. Stahl, for plaintiff.

Pam, Calhoun & Glennon, for defendant

KOHLSAAT, District Judge. This cause comes on to be heard upon the motion of defendant that the cause stand dismissed as of November 28, 1903, upon the following state of facts: The suit was instituted by the administrator of Louis M. Niman, deceased, formerly a citizen of Illinois, to recover $35,000 for negligence of the defendant which resulted in causing the death of plaintiff's decedent at Glenwood, Pa. There is sufficient in the pleadings to disclose the fact that plaintiff sought to recover under the statute of Pennsylvania, where the accident occurred, which statute does not limit the amount to be recovered to any arbitrary sum. Heretofore, following the decision of the Pennsylvania court in Books, Adm'r, etc., v. Borough of Danville, 95 Pa. 158, this court sustained a demurrer to the declaration on the ground that the right of action under the Pennsylvania statute vested only in the widow, in the facts of this case. Whereupon, by leave of court, the plaintiff, Leman, on November 28, 1903, amended the decla-

¶ 1. Conformity of practice in common-law actions in federal courts to that of state courts, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.

¶ 2. See Death, vol. 15, Cent. Dig. §§ 50, 51.

ration by substituting the widow wherever his own name appeared in any material allegation. Defendant insists that such substitution worked a dismissal of the case as of the date of its filing, and cites the case of Zukowski v. Armour, 107 Ill. App. 663. The facts of that case are these: Plaintiff brought suit to recover for personal injuries against certain parties "doing business as Armour & Co." Later he amended by changing name of defendants to "Armour & Co., a corporation." On plea filed denying the incorporation at the time of the accident, plaintiff again amended so as to make defendants the same as in his first declaration, and dismissed the suit as to the corporation. The court held that the amendment act of Illinois did not sanction an amendment involving the substitution of defendants, and that the effect of the amendment in that case was to terminate the suit; citing Black v. Womer, 100 Ill. 328. Some question is raised as to the law which controls in the matter of amendments. Section 914 of the Revised Statutes [U. S Comp. St. 1901, p. 684] provides that the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in Circuit and District Courts, shall conform, as near as may be, to those existing in like causes in the courts of record of the state within which such Circuit or District Court is held. This must be held to include the practice in reference to amendments, unless otherwise directed by statute. Rosenbach v. Dreyfuss (D. C.) 1 Fed. 391.

The suit was properly brought in this court, being a transitory cause of action. Dennick v. R. Co., 103 U. S. 11, 26 L. Ed. 439; Shedd v. Moran, 10 Ill. App. 618; Steamship Co. v. Kane, 170 U. S. 112, 18 Sup. Ct. 526, 42 L. Ed. 964; Hanna v. Grand Trunk R. Co., 41 Ill. App. 116; Stewart v. B. & O. R. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537. It was properly based on the Pennsylvania statute, and the proceeds of such a suit would be distributed by the courts of Illinois and this court according to the Pennsylvania statute, and the remedy must be under the Pennsylvania statute. Same cases. The Illinois statute applies only as showing that a foreign statute is not against the policy of our law. Same cases.

The contention of defendant that changing the party plaintiff from the administrator of the decedent to his widow, in order to conform to the Pennsylvania statute, works a discontinuance of the suit, is not sustained by the authorities. The suit of the administrator was for the benefit of the widow and children of decedent. It cannot be said that the change set up a new cause of action. She was a real party in interest, and federal courts look rather to real than to nominal parties. Stewart v. B. & O., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537, and cases cited. The Supreme Court of Illinois has held the contrary to defendant's contention in Teutonia Life Ins. Co. v. Mueller, 77 Ill. 22, and Litchfield Coal Co. v. Taylor, 81 Ill. 590. In the former case the court permitted the heirs to be substituted for an administrator in a suit upon an insurance policy; and in the latter, a widow, who had sued, in the capacity of administratrix, for the death of her husband, under the statute entitled "Miners," was permitted to amend by substituting herself as widow in place of administratrix. In the case of Zukowski v. Armour, supra, the amendment created a new cause of action. It

became a case against new defendants; otherwise it would be in conflict with the above-quoted decisions of the Illinois Supreme Court. Here there was no new cause of action, and the reasoning cannot apply.

The claim that it is the administrator who is attempting to substitute, and not the party to be substituted, might, perhaps, be raised on demurrer, but would not furnish a basis for the motion now made.

The motion to declare the cause discontinued as of the date of the amendment is denied.