Chicago & Alton Ry. Co. v. Thompson.

---

## Chicago & Alton Ry. Co. v. J. J. Thompson, Adm'r, etc.

1. FELLOW-SERVANTS—*Fireman on One Train and an Engineer upon Another.*—A fireman upon one train and an engineer in charge of another train and engine, although not connected with the former, are fellow-servants where both are in the same line of employment.

2. MASTER AND SERVANT—*Liability of the Master for Injuries Caused by Fellow-servants.*—Where two servants are working for a common master in the same line of employment, and one of them is injured through the negligence of the other, the master is not liable.

3. SAME—*Liability for Keeping a Wanton or ·Willful Servant.*—In the absence of proof showing that the common master has been negligent in keeping a malicious, wanton or willful servant in his employ, he is exempt from liability for an injury caused to a fellow-servant by the negligence of such servant, however willful or wanton it may be.

4. RAILROADS—*Duty of an Engineer Who Sees a Person Walking upon the Track Ahead of Him.*—A railroad engineer is under no obligation to stop his train every time he sees a person walking upon or near the track in front of him. He has the right to presume that such person will step aside before the train reaches him.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1901. Reversed, with a finding of facts. Opinion filed December 10, 1901.

A. E. DeMange, attorney for appellant; William Brown, general solicitor, of counsel.

J. J. Thompson, John T. Booz, Frank M. Burwash and John E. Pollock, attorneys for appellee.

Mr. Presiding Justice Harker delivered the opinion of the court.

This is an appeal from a judgment of $4,000, rendered against appellant in a suit brought by appellee, as administrator of the estate of Jesse Watkins, a man who was killed while in appellant's service as a fireman on a freight train.

The facts as disclosed by the evidence are as follows :

While Watkins' train was standing on the south-bound or west main track at Dwight, he went under his engine with a hoe for the purpose of cleaning out the ash pot. After finishing his work, he crawled out and started to the rear of his engine, for the purpose of hanging his hoe on the tender. At that time, a north-bound passenger train was coming from the south on the east main track at a speed of from thirty to thirty-five miles per hour. The engineer of the passenger train saw Watkins crawl from under his engine and start north between the two tracks when about 150 feet away. The space between the tracks is eight feet wide. Watkins' back was toward the approaching train, and he evidently had no knowledge of its presence, although its engineer gave an alarm whistle. Escaping steam from Watkins' own engine was making much noise at the time and doubtless kept him from hearing the whistle. He was carrying the hoe, which had a handle eight or nine feet long, crosswise of his body, the hoe part extending slightly beyond the west rail of the east track. The end of the hoe caught in one of the slats of the pilot of the engine with such violence as to throw the hoe out of his hands and him back against the passenger engine. The cylinder struck him and threw him against the tank of his own engine. He died as a result of his injuries. There was in force at the time an ordinance of the village of Dwight limiting the rate of speed of trains within the cor-

porate limits to ten miles per hour, and the rapid rate of speed at which the train which struck Watkins was running was charged and relied upon as the negligence which caused his death.

The only person chargeable with the negligence complained of was Patrick Mulheran, the engineer in charge of the passenger locomotive. He was a fellow-servant with Watkins. A fireman on one train and an engineer in charge of an engine and train not connected with such train, where both are in the same line of employment, are fellow-servants. I. C. R. R. Co. v. Swisher, 74 Ill. App. 64; C. & E. I. R. R. Co. v. Rouse, 78 Ill. App. 286. It is contended, however, that Mulheran was guilty of wanton and willful negligence, and that for that reason, the fellow-servant doctrine does not apply. It was the view of the trial court, as evidenced by instructions given to the jury, that where two servants are working for a common master in the same line of employment, and one of them is injured through the negligence of the other, that the master is liable if the negligence was wanton or willful. We do not understand that the fellow-servant doctrine is subject to such an exception. In the absence of proof showing that the common master was negligent in keeping a malicious, wanton, or willful servant in his employ, the master is exempt from liability for an injury caused to a fellow-servant by his negligence, however willful or negligent it may be.

Really, we see no room in this record for the contention that Mulheran was guilty of willful or wanton negligence. To run a train at the rate of thirty or thirty-five miles per hour within the corporate limits of a village in violation of an ordinance fixing the rate at ten miles, certainly does not, of itself, constitute willful negligence. When he first saw Watkins, he was within 150 feet of him. He knew he was a railroad man and had the right to presume that he would not get in the way of his rapidly moving train. It is doubtful whether he could have stopped the train in time to avoid colliding with Watkins. A railroad engineer is under no obligation to stop his train every time he sees a person

walking upon or near the track in front of him. He has the right to presume that the person so walking will do what the engineer sees other people do every day—step aside before the train reaches him.

As the death, in our opinion, was caused by the negligence of a fellow-servant, it is unnecessary to discuss the point that the injury was an assumed risk and the point that the deceased was not in the exercise of ordinary care for his own safety. There is no cause of action against appellant, and the judgment will be reversed, but the cause not remanded.

**Finding of Facts.**—We find that appellee's intestate, Jesse Watkins, was at the time of receiving the injury which caused his death, a fellow-servant with Patrick Mulheran; that he was injured by reason of Mulheran operating a train at a greater rate of speed than ten miles an hour within the corporate limits of the village of Dwight, contrary to an ordinance of the village then in force; that Mulheran was not guilty of willful or wanton negligence and that appellee has no cause of action against appellant.