## Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. William W. Largent, Adm'r.

1. RAILROADS—*Duty Toward Trespassers on Track.*—A railroad owes no duty to a trespasser upon its track until after he has been actually seen by the railroad's servants in charge of the train.

2. SAME—*No Recovery by Trespasser for Other than Injuries Willfully Inflicted.*—There can be no recovery by a trespasser for injuries received from a railroad unless the same are willfully, wantonly or recklessly inflicted.

**Trespass on the Case.**—Death from negligent act.  Appeal from the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge presiding.  Heard in this court at the August term, 1902.  Reversed. Opinion filed March 2, 1903.

C. S. CONGER, attorney for appellant.

CHOISSER, WHITLEY & CHOISSER, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Saline County, by appellee against appellant, to recover for the death of appellee's intestate.  Trial by jury.  Verdict and judgment in favor of appellee for $1,500.  Appellee's intestate was a child eight years old, and was killed on a trestle of appellant's road, by one of its trains.

The declaration charges that after appellant's servants in charge of the train had seen the child on the railroad track, they willfully, wantonly and recklessly drove the engine and train upon him and killed him.

The deceased in company with another boy eleven years old, had gone on foot to a creek in the country, about a mile and a half from the city of Harrisburg, their home, to fish.  About four or five o'clock in the afternoon the boys started to return home by way of appellant's railroad, walking upon the track.  At a point on the road between where the boys came upon the track and the city, there was a railroad trestle 108 feet long and twelve to fifteen feet high, constructed and in use for the sole purpose of supporting

the railroad track. When the boys came to the trestle they continued upon the railroad track, and had progressed some distance over the trestle, when they were seen by the engineer and fireman of one of appellant's approaching trains. The train was a regular passenger train, properly equipped and manned, and running at a speed of not less than thirty miles an hour.

When the boys were first seen by the men in charge, the train was within about 600 feet of them. The engineer instantly sounded the whistle, shut off the steam, and set the air brakes, " put the brake in the emergency," and applied the entire force of air to the whole train, but this did not stop the train in time to save the boy; it ran upon and killed him.

Deceased was upon the railroad track at a place where he had no right to be, where appellant had no reason in fact to suspect that he or any person would be, and where the law does not require that appellant should have been upon the special lookout for persons. His relation to appellant was that of trespasser, and appellant owed him no duty until after he was actually seen by its servants in charge of the train. In such case there can be no recovery unless the injury was willfully, wantonly or recklessly inflicted. The evidence fails to show that the engineer either did anything, or failed to do anything, after he saw the boy, that might not reasonably have been expected of a reasonably skillful and cautious engineer, under the same or similar circumstances. It is urged by counsel for appellee in this connection, that the engineer should have shut off the steam and turned on the air before sounding the whistle. These acts were almost simultaneously performed. He sounded the whistle with his left hand and shut off the steam and threw the brake with his right. If there was any loss of time by this, or if it may not have been the wisest course, still, it evidences no more than an error of judgment, when considered in connection with all the other facts of this case. When the whole evidence is considered together, it neither proves nor tends to prove that appellee's

intestate was willfully, wantonly or recklessly killed by appellant's servants, as charged in the declaration. The trial court should have granted appellant's motion, and directed a verdict of not guilty. The judgment of the Circuit Court is reversed.

This court finds as facts in this case, that appellee's intestate was a trespasser upon the railroad track of appellant, at the time of the injury which caused his death; and that neither appellant, nor its servants, were guilty of the willfulness, wantonness or recklessness charged in the declaration or in any count thereof.