Harry E. Carroll, Admr., Appellant v. Chicago, Burlington & Quincy Railway Company et al., Appellees.

Gen. No. 4,973.

1. ORDINARY CARE—*extent of, required of persons afflicted with infirmities.* The misfortune of being blind or deaf does not relieve the afflicted person from the duty to exercise ordinary care, but rather imposes upon him the duty of greater precaution to avoid injury, since strangers have no notice of the infirmity, and have the right to suppose that parties will act the same as persons possessed of the ordinary senses.

2. CONTRIBUTORY NEGLIGENCE—*person walking along railroad track guilty of.* A person killed by walking on a railroad track for his own convenience is guilty of such gross negligence as to preclude a recovery by his personal representatives against the company unless his death is caused wilfully or wantonly, or the company is charged with such gross negligence as is evidence of wilfullness.

3. TRESPASSERS—*obligations of railroad companies to.* The employes of a railroad company are under no obligation to keep a lookout for trespassers upon the right of way of a railroad and are not guilty of wilful or wanton negligence as against such trespassers for failing to do so.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Whiteside county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

C. L. SHELDON and C. C. JOHNSON, for appellant.

A. A. WOLFERSPERGER and HERBERT HAASE, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action on the case brought in the Circuit Court of Whiteside county, by Harry E. Carroll, administrator of the estate of George H. Carroll, deceased, appellant, for the use of the next of kin, to recover damages from the Chicago, Burlington and

Quincy Railway Company and the Chicago, Burlington and Quincy Railroad Company, appellees. The declaration contains two counts, substantially alike, and avers that on March 28, 1905, the plaintiff's intestate was walking on the track of defendant companies from Polo, Ogle county, to Hazlehurst, Carroll county, Illinois; that deceased was totally deaf, and that agents of the defendants at Polo had been notified that the deceased was so returning from said Polo and was totally deaf. It is further averred he was using due care for his own safety and that the defendants so recklessly managed and ran their train proceeding westward to Hazlehurst that the deceased was killed by the reckless and wilful conduct of the defendants. At the close of plaintiff's evidence the court instructed a verdict for the defendants, and the administrator appeals.

The only question involved in this appeal is the propriety of the instruction to the jury to find for the defendants. The evidence shows that George H. Carroll, deceased, was about 71 years of age and lived at Hazlehurst; that he was so deaf that a conversation could only be carried on with him by writing; that on the forenoon of the day of his death he went to Polo, six miles east of Hazlehurst, and was returning home alone, walking on the track of defendants' right of way, about eleven o'clock in the forenoon, when he was killed by an extra freight train going in the same direction. It also appears from the evidence that Elsworth McCartney, with whom the deceased boarded at Hazlehurst, called up the agent of the defendants at Polo by telephone and described the deceased to the person who answered the telephone and asked him if such a person had left town going westward on their track, and was answered in the affirmative. McCartney says that he told the person at the telephone that the man was deaf and could not hear anything, and that they would probably run him down, but got no answer. Levi Bellows, a farmer living near the railroad, five miles west of Polo,

testified that he saw the train, consisting of ten or twelve cars, that killed the deceased; that it was running about fifteen miles an hour, and whistled about forty rods behind the deceased, and then whistled a second time about ten rods behind him, and that the deceased did not look around; that the train stopped when it had run about two-thirds of its length past the deceased.

Both counts of the declaration allege that the deceased was in the exercise of due care. The proof fails to show that the agent of the appellees had notice that the deceased was deaf, as there was no response to that part of the statement of the witness McCartney. There is no claim that any of the trainmen had any information concerning the infirmity of the deceased. The misfortune of being blind or deaf does not relieve the afflicted person from the duty to exercise ordinary care, but rather imposes upon him the duty of greater precaution to avoid injury, since strangers have no notice of the infirmity, and have the right to suppose that parties will act the same as persons possessed of the ordinary senses. 7 Am. & Eng. Ency. of Law 443 (2nd Ed.). The deceased in walking along the railway track of appellees was a trespasser. A person killed while walking on a railway track for his own convenience is guilty of such gross negligence as to preclude a recovery by his personal representatives against the company, unless his death is caused wilfully or wantonly, or the company is charged with such gross negligence as is evidence of wilfulness. James v. I. C. R. R. Co., 195 Ill. 327; Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416; I. C. R. R. Co. v. Hetherington, 83 Ill. 510. It is manifest that the allegation that the deceased was in the exercise of due care was not proved, but that he was killed because of his own negligence.

The employes of a railroad company are under no obligation to keep a lookout for trespassers upon the right of way of a railroad, and are not guilty of wilful or wanton negligence, as against such trespassers, for

failing to do so. Thompson v. C., C., C. & St. L. R. R. Co., 226 Ill. 543; C., C., C. & St. L. R. R. Co. v. Largent, Admr., 108 Ill. App. 650; C., C., C. & St. L. Ry. Co. v. Hibsman, Admr., 99 Ill. App. 405; C. & A. Ry. Co. v. Thompson, Admr., 99 Ill. App. 277. When the engineer blew the whistle forty rods from the deceased he had a right to assume that the deceased would leave the track, and when he did not leave the track the engineer again blew the whistle, and stopped the train when about half the length of the train, consisting of an engine and a dozen cars going down grade, had passed the deceased. This shows that the engineer was not guilty of wilful negligence, but used all the means at his command to avoid the accident, after seeing that the deceased paid no attention to the whistle. The proof not only fails to show that the conduct of the servants of appellees was wanton or wilful, but does show that the deceased lost his life because of his own want of ordinary care. The judgment is therefore affirmed.

*Affirmed.*